# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**
No. 17-659V
Filed: October 12, 2018
Not for Publication

*************************************
| | |
|---|---|
| BETH BIERANOWSKI | * |
| | * |
| Petitioner, | * |
| | * |
| v. | *   Reasonable attorneys' fees and costs; |
| | *   Shoulder injury; Settlement. |
| | * |
| SECRETARY OF HEALTH | * |
| AND HUMAN SERVICES, | * |
| | * |
| Respondent. | * |
| | * |

*************************************

Jessica A. Olins, Washington, DC, for petitioner.
Traci R. Patton, Washington, DC, for respondent.

**MILLMAN, Special Master**

### DECISION AWARDING ATTORNEYS' FEES AND COSTS[1]

On May 19, 2017, Beth Bieranowski ("petitioner") filed a petition under the National Childhood Vaccine Injury Act, 42 U.S.C. §§ 300aa-10–34 (2012) alleging that she suffered a left shoulder injury that was caused by her May 6, 2016 receipt of pneumococcal conjugate ("Prevnar 13") vaccine. Pet. at 1.

On July 16, 2018, the parties filed a stipulation in which they agreed to settle this case and described the settlement terms. Respondent denies that the Prevnar 13 vaccine caused or significantly aggravated petitioner's alleged injury or any other injury. Nonetheless, the parties agreed to resolve this matter informally. On the same day, the undersigned issued a decision awarding compensation in the amount and on the terms set forth in the stipulation. Judgment

---

[1] The undersigned intends to post this Ruling on the United States Court of Federal Claims' website. **This means the ruling will be available to anyone with access to the Internet.** In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access. Because this unpublished ruling contains a reasoned explanation for the action in this case, undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).

entered on August 13, 2018.

On August 31, 2018, petitioner filed an unopposed motion for attorneys' fees and costs ("Fees App."), requesting attorneys' fees of $10,495.40 and attorneys' costs of $803.41, for a total request of $11,298.81. Fees App. at 1-2. Pursuant to General Order No. 9, petitioner has indicated that she has not personally incurred any costs in pursuit of this litigation. Petitioner's motion also notes that "Respondent does not object to the overall amount requested in Petitioner's motion, but notes that the lack of objection should not be construed as an admission, concession, or waiver as to any of the matters raised by Petitioner's request for attorneys' fees and costs, including but not limited to the hourly rates requested, the number of hours billed, or the other litigation related costs." Id. at 2. The matter is now ripe for disposition.

The Vaccine Act permits an award of "reasonable attorneys' fees" and "other costs." 42 U.S.C. § 300aa-15(e)(1). The special master has "wide discretion in determining the reasonableness" of attorneys' fees and costs. Perreira v. Sec'y of HHS, 27 Fed. Cl. 29, 34 (1992), aff'd, 33 F.3d 1375 (Fed. Cir. 1994); see also Saxton ex rel. Saxton v. Sec'y of HHS, 3 F.3d 1517, 1519 (Fed. Cir. 1993) ("Vaccine program special masters are also entitled to use their prior experience in reviewing fee applications.").

Special masters have previously reduced the fees paid to petitioners due to excessive and duplicative billing. See Ericzon v. Sec'y of HHS, No. 10-103V, 2016 WL 447770 (Fed. Cl. Spec. Mstr. Jan. 15, 2016) (reduced overall fee award by 10 percent due to excessive and duplicative billing); Raymo v. Sec'y of HHS, No. 11-654V, 2016 WL 7212323 (Fed. Cl. Spec. Mstr. Nov. 2, 2016) (reduced overall fee award by 20 percent), mot. for rev. denied, 129 Fed. Cl. 691 (2016). Special masters have previously noted the inefficiency that results when cases are staffed by multiple individuals and have reduced fees accordingly. See Sabella v. Sec'y of HHS, 86 Fed. Cl. 201, 209 (Fed. Cl. 2009). Additionally, it is firmly established that billing for clerical and other secretarial work is not permitted in the Vaccine Program. Rochester v. United States, 18 Cl.Ct. 379, 387 (1989) (denied an award of fees for time billed by a secretary and found that "[these] services ... should be considered as normal overhead office costs included within the attorneys' fees rates"); Mostovoy v. Sec'y of HHS, 2016 WL 720969, at *5 (Fed. Cl. Spec. Mstr. Feb. 4, 2016).

Based on her experience and review of the billing records submitted by petitioner, the undersigned finds petitioner's attorneys' fees rates to be acceptable and in conformance to what other special masters have awarded Maglio Firm attorneys and paralegals. However, a number of minor issues warrant an overall reduction to the total award. First, the undersigned notes that a total of four different attorneys and nine different paralegals worked on this case in some capacity, despite this being a relatively straight-forward case which settled roughly one year after petitioner filed her petition. Several of these individuals made exceedingly small overall contributions to this case – for example, paralegals Liya Mogese and Amy Qualls, and attorney Danielle Strait all only billed 0.1 hours each. Fees App. Ex. 9 at 11. It is difficult to ascertain why it was necessary for Ms. Strait to spend six minutes to "Review file and advise regarding settlement and client communication" in a case she previously had not worked on. Id. at 9.

This overstaffing also led to duplicative billing entries. For example, on July 3, 2018, Ms. Olins and a paralegal both billed for receiving and reviewing the stipulation and respondent's 15-week status report and updating the client file. Id. Similar examples of duplicative billing in reviewing routine filings occurred on December 19, 2017, and July 17, 2018.

Finally, the undersigned notes several entries in which paralegals billed for administrative or clerical tasks, such as preparing documents for filing on CMECF.[2] Additionally, several of these entries contain a component of reviewing the electronic notice automatically generated by CMECF when a new document is filed. While it is understandable that an attorney or paralegal would monitor these notices when opposing counsel or the Court files a new document, it is unclear what value is added by reviewing this notice after the paralegal just filed the document. Accordingly, the undersigned will reduce the total award of attorneys' fees by 5%, resulting in a total reduction of **$524.77**. Thus, the total amount of attorneys' fees awarded to petitioner is **$9,970.63**.

The undersigned finds all of petitioner's requested costs to be reasonable. These costs consist of payment for medical records, postage, and the filing fee of this case. Fees App. Ex. 10 at 1. All of these costs are typical of Vaccine Program cases, and petitioner has provided adequate documentation for all costs. Accordingly, petitioner's requested costs shall be awarded in full.

Accordingly, the undersigned **GRANTS** petitioner's application for attorneys' fees and costs. The court awards **$10,774.04** (representing attorneys' fees in the amount of $9,970.63 and cost of $803.41) in the form of a check made payable jointly to petitioner and Maglio Christopher and Toale, PA.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[3]

**IT IS SO ORDERED.**

Dated: October 12, 2018                                         /s/ Laura D. Millman
                                                                                                            Laura D. Millman
                                                                                                            Special Master

---

[2] Examples of this can be found in billing entries on 6/8/17, 6/20/17, 11/2/17, 2/14/18, 3/12/18, and 4/13/18. See Fees App. Ex. 9.

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party, either separately or jointly, filing a notice renouncing the right to seek review.